IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02721-BNB

BRUCE W. JONES,

    Plaintiff,

v.

BLAKE DAVIS, Individually and in His Official Capacity as Complex Warden, at the
    Federal Correctional Institution Florence,
JULIE WANDS, Individually and in Her Official Capacity as the Former Warden, at the
    Federal Correctional Institution Florence,
THOMAS R. KANE, Individually and in His Official Capacity as Acting Director of the
    Feder [sic] Bureau of Prisons,
NEWTON E. KENDIG, Individually and in His Official Capacity as the Medical Director
    of the Federal Bureau of Prisons,
MARK KELLAR, Individually and in His Official Capacity as the Health Service
    Administrator at F.C.I. - Florence,
LISA McDERMOTT, Individually and in Her Official Capacity as Assistant Health
    Services Administrator at F.C.I. - Florence,
PETER BLUDWORTH, Individually and in His Official Capacity as Associate Warden at
    F.C.I. - Florence,
MIKE GOODWIN, Individually and in His Official Capacity as Chief Pharmacist at
    F.C.I. - Florence,
DR. DAVID ALLRED, Individually and in His Official Capacity as Clinical Director of
    F.C.I. - Florence,
DR. GEORGE SANTINI, Individually and in His Official Capacity as Staff Physician at
    F.C.I. - Florence,
CARI RITTER, Individually and in Her Official Capacity as Mid-level Provider, and
FEDERAL BUREAU OF PRISONS, in Their Official Capacity as Employers of the
    Following Defendants and Controlling Costady [sic] of Plaintiff,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Bruce W. Jones, is a prisoner in the custody of the Federal Bureau of

Prisons (BOP) and is currently incarcerated at the Federal Correctional Institution (FCI)

in Florence, Colorado. Mr. Jones initiated this action by filing a Prisoner's Motion and

Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) on October 19, 2011. Mr. Jones has been granted leave to proceed *in forma pauperis* with payment of an initial partial filing fee.

The Court will construe the Complaint liberally because Mr. Jones is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Complaint and has determined that it is deficient. Mr. Jones therefore will be directed to file an Amended Complaint for the reasons discussed below.

Mr. Jones asserts four claims in this action. As his first claim, he alleges that he suffers from degenerative bone disease of the cervical spine. He asserts that Defendants Cari Ritter, George Santini, Lisa McDermott and David Allred concealed important facts regarding his disease from him, and also, that they refused to provide proper treatment for his condition, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. As his second claim, Mr. Jones asserts that Defendants Santini, McDermott, Allred, Ritter and Goodin refused to provide him with pain medication and other medications needed to treat his condition, in violation of his Eighth Amendment right. As his third claim, Mr. Jones alleges that his due process rights have been violated because prison officials not named as defendants have delayed his administrative remedies process, and delayed his transfer to a medical facility. As his fourth claim, which is repetitive of his first and second claims, Mr. Jones again asserts that the named defendants have been deliberately indifferent to his

serious medical needs.  Mr. Jones seeks damages in addition to injunctive relief.

However, Mr. Jones's *Bivens* claim against the Bureau of Prisons is barred by sovereign immunity.  A *Bivens* action may not be brought against federal agencies or agents acting in their official capacities.  *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) (citing *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 483-86 (1994)).  Therefore, Mr. Jones may not sue the Federal Bureau of Prisons in this action.

Second, Mr. Jones is also directed that personal participation by the named defendants is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  *Id.*  Mr. Jones must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).   A supervisor is only liable for a constitutional violation that he or she has caused. *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).

Finally, in order to state a claim in federal court, Mr. Jones "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Jones may use fictitious names, such as Jane or John Doe, if he does not

know the real names of the individuals who allegedly violated his rights.  However, if Mr. Jones uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Accordingly, it is

ORDERED that Plaintiff, Bruce W. Jones, file **within thirty (30) days from the date of this order,** an Amended Complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Mr. Jones shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Jones fails to file an Amended Complaint that complies with this order to the Court's satisfaction within the time allowed, the Complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 23rd day of January, 2012.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge