IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02721-BNB

BRUCE W. JONES,

    Plaintiff,

v.

BLAKE DAVIS, Individually and in His Official Capacity as Complex Warden, at the
    Federal Correctional Institution Florence,
JULIE WANDS, Individually and in Her Official Capacity as the Former Warden, at the
    Federal Correctional Institution Florence,
THOMAS R. KANE, Individually and in His Official Capacity as Acting Director of the
    Feder [sic] Bureau of Prisons,
NEWTON E. KENDIG, Individually and in His Official Capacity as the Medical Director
    of the Federal Bureau of Prisons,
MARK KELLAR, Individually and in His Official Capacity as the Health Service
    Administrator at F.C.I. - Florence,
LISA McDERMOTT, Individually and in Her Official Capacity as Assistant Health
    Services Administrator at F.C.I. - Florence,
PETER BLUDWORTH, Individually and in His Official Capacity as Associate Warden at
    F.C.I. - Florence,
MIKE GOODWIN, Individually and in His Official Capacity as Chief Pharmacist at
    F.C.I. - Florence,
DR. DAVID ALLRED, Individually and in His Official Capacity as Clinical Director of
    F.C.I. - Florence,
DR. GEORGE SANTINI, Individually and in His Official Capacity as Staff Physician at
    F.C.I. - Florence,
CARI RITTER, Individually and in Her Official Capacity as Mid-level Provider,
MRS. A. VINYARD, Individually and in Her Official Capacity as Physician Assistant at
    F.C.I. - Florence,
GILBERTA TRUJILLO, Individually and in Her Official Capacity as Secretary of Medical
    at F.C.I. - Florence,
GRANT WORSHAM, Individually and in His Official Capacity as Mesa Bravo unit
    counselor at F.C.I. - Florence,
BARBRA BATULIS, Individually and in Her Official Capacity as Pueblo Alpha unit
    counselor at F.C.I. - Florence,
TERESA K. COZZA-RHODES, Individually and in Her Official Capacity as Warden at
    F.C.I. - Florence,
JANE DOE, Individually and in Her Official Capacity as Administrative Remedy
    Coordinator at FCI - Florence,
MR. GRIFFIN, Individually and in His Official Capacity as Correctional Officer at F.C.I. -

  Florence,
JOHN DOE, Individually and in His Official Capacity as Chief Health Programs at North
  Central Region, Leavenworth Kansas, and
DR. JAMES PELTON, Individually and in His Official Capacity as Region Medical
  Director at North Central Region, Leavenworth Kansas,

  Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

  Plaintiff, Bruce W. Jones, is a prisoner in the custody of the Federal Bureau of Prisons who is currently incarcerated at the Federal Correctional Institution (FCI) in Florence, Colorado. Mr. Jones initiated this action by filing a *pro se* prisoner complaint. He has been granted leave to proceed *in forma pauperis* with payment of an initial partial filing fee.

  On January 23, 2011, Magistrate Judge Craig B. Shaffer determined that the prisoner complaint was deficient because it named improper parties and failed to allege the personal participation of all named Defendants. Accordingly, Magistrate Judge Shaffer directed Mr. Jones to file an amended prisoner complaint within thirty days. Mr. Jones submitted an amended complaint on February 2, 2012.

  The Court must construe the amended complaint liberally because Mr. Jones is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his

unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Jones is a prisoner and some of the Defendants are officers or employees of a governmental entity.  Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Jones asserts six claims in the amended complaint.  As background for his claims, Mr. Jones alleges that on January 23, 2008, a CT scan revealed a "soft tissue mass" on his spine.  Amended Complaint at 8.  He asserts that he was treated by numerous Defendants who knew about the soft tissue mass on his spine but did not inform him of the actual problem until August 3, 2011.  *Id.* at 9.  Mr. Jones asserts that the named Defendants failed to treat the issue with his spine and that he has suffered from constant pain and other neurological problems from January 23, 2008, to the present.  *Id.*  Mr. Jones further asserts that the named Defendants have refused to provide him with a neurosurgery consult.  Finally, Mr. Jones alleges that he has been denied access to pain medication and other needed medical treatments.  Mr. Jones asserts that his Fifth, Eighth and Fourteenth Amendment rights have been violated.  As relief, he seeks damages in addition to injunctive relief.

However, the Court notes that Mr. Jones is suing Defendants Blake Davis, Julie Wands, Thomas R. Kane, Newton E. Kendig, and Theresa A. Cozza-Rhodes because these Defendants allegedly are responsible for the constitutional violations committed by other individuals or because these Defendants hold supervisory positions.  Mr. Jones asserts that he notified these Defendants of constitutional violations committed by Defendants under their supervision by sending letters to them.  However, these allegations fail to establish the personal participation of Defendants Blake Davis, Julie Wands, Thomas R. Kane, Newton E. Kendig, and Theresa A. Cozza-Rhodes.  Mr. Jones was previously warned by Magistrate Judge Shaffer that personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A Defendant may not be held liable on a theory of *respondeat superior*.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."  *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Moreover, the Tenth Circuit has held that receiving correspondence from an inmate does not demonstrate the personal participation required to trigger personal liability under § 1983.  *Davis v. Ark. Vally Corr. Facility*, 99 Fed. Appx. 838, 843 (10th Cir. May 20, 2004) (unpublished opinion) (holding that copying the warden on

correspondence does not demonstrate the warden's personal participation in an alleged constitutional violation). Mr. Jones has failed to allege an affirmative link between the alleged constitutional violations and these Defendants. Because Mr. Jones fails to assert that these Defendants personally participated in violating his constitutional rights, Defendants Blake Davis, Julie Wands, Thomas R. Kane, Newton E. Kendig, and Theresa A. Cozza-Rhodes are improper parties to the action and will be dismissed.

The Court also notes that Mr. Jones is suing Defendants Grant Worsham, Jane Doe Administrative Remedy Coordinator, and Barbra Batulis because they allegedly denied, or failed to act on, administrative grievances filed by Mr. Jonesl. *See* Amended Complaint at 15. However, these allegations fail to establish the personal participation of Defendants Worsham, Jane Doe, and Batulis. The Tenth Circuit has repeatedly noted "that 'the denial of . . . grievances alone is insufficient to establish personal participation in the alleged constitutional violations'" of other defendants. *Whitington v. Ortiz*, 307 Fed. Appx. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished decision) (quoting *Larson v. Meek*, 240 Fed. Appx. 777, 780 (10th Cir. June 14, 2007) (unpublished decision)). Mr. Jones has again failed to allege an affirmative link between the alleged constitutional violations and these Defendants. Because Mr. Jones fails to assert that these Defendants personally participated in violating his constitutional rights, Defendants Grant Worsham, Jane Doe Administrative Remedy Coordinator, and Barbra Batulis are improper parties to the action and will be dismissed.

After review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that the remaining claims do not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that Defendants Blake Davis, Julie Wands, Thomas R. Kane, Newton E. Kendig, Theresa A. Cozza-Rhodes, Grant Worsham, Jane Doe Administrative Remedy Coordinator, and Barbra Batulis are dismissed as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  13th  day of    February    , 2012.

BY THE COURT:


    s/Lewis T. Babcock
    LEWIS T. BABCOCK, Senior Judge
    United States District Court