IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02721–MSK–KMT

BRUCE W. JONES,

    Plaintiff,

v.

MARK KELLAR, individually and in his official capacity as the health service Administrator at FCI-Florence,
LISA MCDERMOTT, individually and in her official Capacity as Assistant Health Services Administrator at FCI-Florence,
PETER BLUDWORTH, individually and in his official capacity as associate warden at FCI-Florence,
MIKE GOODIN, individually and in his official capacity as chief parmacist at FCI-Florence,
DR. DAVID ALLRED, individually and in his official capacity as clinical director of FCI-Florence,
DR. GEORGE SANTINI, individually and in his official capacity as staff Physician at FCI-Florenece,
CARI RITTER, individually and in her official capacity as mid-level Provider, at FCI-Florence,
MRS. A. VINYARD, individually and in her official capacity as Physician assistant at FCI-Florence,
GILBERTA TRUJILLO, individually and in her official capacity as secretary of medical at FCI Florence,
MR. GRIFFIN, individually and in his official capacity as Correctional Officer at FCI-Florence,
JOHN DOE, individually and in his official capacity as Chief Health Programs at North Central Region, Leavenworth, Kansas, and
DR. JAMES PELTON, individually and in his official capacity as Region Medical Director at North Central Region, Leavenworth, Kansas,

    Defendants.

**ORDER**

This matter is before the court on Plaintiff's "Motion for Leave to File an Amended Complaint" (Doc. No. 89, filed August 27, 2012). It appears Plaintiff wishes to amend his complaint to add the United States Government as a defendant or to substitute the United States Government as a defendant in place of Defendants Goodin and Ritter. (*See* Doc. No. 89-1 at 5.)

The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires. Fed. R. Civ. P. 15(a). Although the federal rules permit and require liberal construction and amendment of pleadings, the rules do not grant the parties unlimited rights of amendment. A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

When seeking leave of the court to amend a complaint, the motion to amend must detail the proposed amendments and the reasons why such amendments are necessary. In addition, the plaintiff must attach the proposed amended complaint to the motion.[1] The proposed amended complaint must stand alone; it must contain <u>all</u> of the plaintiff's claims. Here, Plaintiff does not attach a proposed amended complaint to his motion. As a result, it is impossible to determine if the proposed amendment is permissible. Therefore, it is

---

[1] The court notes it denied a previously-filed motion to amend filed by Plaintiff for the same reasons. (Doc. No. 80.)

**ORDERED** that Plaintiff's motion (Doc. No. 89) is DENIED without prejudice.  It is further

**ORDERED** that the deadline for amending pleadings is extended to **September 10, 2012**.  If Plaintiff chooses to file another motion to amend his complaint, he must attach the entire proposed amended complaint using the approved Prisoner Complaint form.

Dated this 29th day of August, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge