IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02721–MSK–KMT

BRUCE W. JONES,

    Plaintiff,

v.

MARK KELLAR, individually and in his official capacity as the health service Administrator at FCI-Florence,
LISA MCDERMOTT, individually and in her official Capacity as Assistant Health Services Administrator at FCI-Florence,
PETER BLUDWORTH, individually and in his official capacity as associate warden at FCI-Florence,
MIKE GOODIN, individually and in his official capacity as chief pharmacist at FCI-Florence,
DR. DAVID ALLRED, individually and in his official capacity as clinical director of FCI-Florence,
DR. GEORGE SANTINI, individually and in his official capacity as staff Physician at FCI-Florenece,
CARI RITTER, individually and in her official capacity as mid-level Provider, at FCI-Florence,
MRS. A. VINYARD, individually and in her official capacity as Physician assistant at FCI-Florence,
GILBERTA TRUJILLO, individually and in her official capacity as secretary of medical at FCI Florence,
MR. GRIFFIN, individually and in his official capacity as Correctional Officer at FCI-Florence,
JOHN DOE, individually and in his official capacity as Chief Health Programs at North Central Region, Leavenworth, Kansas, and
DR. JAMES PELTON, individually and in his official capacity as Region Medical Director at North Central Region, Leavenworth, Kansas,

    Defendants.

**ORDER**

This matter is before the court on Defendants Kellar, McDermott, Bludworth, Goodin, Allred, Santini, Ritter, Vinyard and Trujillo's collective "Defendants' Motion to Stay" (Doc. No. 73, filed July 13, 2012 ["Motion to Stay"]). Defendants seek a stay of discovery until ruling on the "Defendants' Motion to Dismiss" (Doc. No. 66, filed June 4, 2012 ["Motion to Dismiss"]). Plaintiff filed a "Response to Motion to Stay Discovery" on July 27, 2012 (Doc. No. 76 ["Response"]).[1] This motion is now ripe for ruling.

Plaintiff has sued a number prison staff, both in their individual and official capacities, for violations of his Fifth, Eighth and Fourteenth Amendment rights during his ongoing incarceration at FCI-Florence. The allegations in his Complaint arise partly from actions taken by these officials in regards to medical treatment, and partly from separate interactions with some of these officials. All claims are brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Defendants assert in their Motion to Dismiss, and refer to such assertion in their Motion to Stay, that they are entitled to various forms of immunity, including sovereign immunity, absolute immunity, and qualified immunity.

## STAYS DUE TO IMMUNITY PROVISIONS

Immunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns of litigation, including avoidance of

---

[1] Defendants Pelton and Doe have not joined in any of these motions, and their summonses were returned unexecuted as to both of them. (*See* Doc. Nos. 45, 46, filed March 9, 2012.)

disruptive discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)); *see also Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (noting that qualified immunity, if successful, protects an official both from liability and the ordinary burdens of litigation, including far-ranging discovery) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)). As explained by the Court in *Iqbal*, there are serious and legitimate reasons for this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government. The costs of diversion are only magnified when Government officials are charged with responding to [the burdens of litigation discovery].

*Id.* at 1953.

### A.     *Sovereign Immunity of Defendants in Their Official Capacities*

"[A] *Bivens* claim lies against the federal official in his individual capacity—not . . . against officials in their official capacity." *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005). "A suit for damages against a federal agent in his official capacity would be barred by sovereign immunity, unless the government has waived sovereign immunity." *Pleasant v. Lovell*, 876 F.2d 787, 793 (10th Cir. 1989) (citing *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir.1989) (sovereign immunity bars suit against IRS agents sued in their official capacities)). An official-capacity claim under *Bivens*

> contradicts the very nature of a *Bivens* action. There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity. Instead, any action that

charges such an official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States.

*Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001).

The sovereign immunity described above acts to shield defendants "'from the burdens of becoming involved in any part of the litigation process, from pretrial wrangling to trial itself.'" *Raccoon Recovery, LLC v. Navoi Mining & Metallurgical Kombinat*, 224 F. Supp. 2 d 1130, 1141 (D. Colo. 2002) (quoting *United States v. Moats*, 961 F.2d 1198, 1203 (5th Cir. 1992)). "Sovereign immunity is an immunity from trial and the attendant burdens of litigation, and not just a defense to liability on the merits." *See In re Papandreou*, 139 F.3d 247, 251 (D.C. Cir. 1998). The "full enjoyment of . . . sovereign immunity is irrevocably lost once the [sovereign] is compelled to endure the burdens of litigation." *See Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1172 (10th Cir. 1998).

Defendants have all asserted in their pending Motion to Dismiss that they are entitled to sovereign immunity as to the suits against them in their official capacities. (*See* Motion to Dismiss at 19.) Plaintiff's counter-argument is unavailing: he contends simply that the defense of sovereign immunity was never raised in the Motion to Dismiss. (*See* Response at 1-2.) Most importantly, Plaintiff does not assert that any factual discovery is necessary to determine whether sovereign immunity has been waived. A decision by the district court that Defendants are in fact entitled to sovereign immunity would thus dispose of all official capacity claims. Therefore, the court finds that a temporary stay of discovery is appropriate as to all defendants in their official capacities.

### B.     *Qualified Immunity of Individual Defendants*

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (internal quotations omitted)). It is applicable only to claims against officials in their individual capacities, *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004), and protects all but the plainly incompetent and those who knowingly violated the law. *Weise v. Caspar*, 593 F.3d 1163, 1167 (10th Cir. 2010). Importantly, it is "an immunity from suit rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial." *Pearson*, 555 U.S. at 231 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Therefore, "a well-supported claim of qualified immunity should shield a defendant from unnecessary and burdensome discovery." *Romero*, 255 F.R.D. at 643.

The Motion to Dismiss asserts that the Defendants are entitled to qualified immunity as to the suits against them in their individual capacities. (*See* Motion to Dismiss at 15-16.) Again, such immunity would strip the court of jurisdiction to hear claims against Defendants. The only response Plaintiff tenders is to note that Defendant Goodin knowingly violated his rights. (Response at 2.) Aside from the conclusory nature of this statement, and the fact that a completely separate form of immunity may apply to Defendant Goodin that does not involve an element of knowledge, Plaintiff has not demonstrated how further factual discovery on that allegation aids the resolution of the immunity issue. Furthermore, Plaintiff's reliance on *Brady*

5

*v. Maryland*, 373 U.S. 83 (1963), is misplaced, as this is not a criminal action.  Accordingly, the court concludes that a stay of discovery is appropriate in regards to all claims against Defendants in their individual capacities.

C.	*Absolute Immunity of Defendants Goodin and Ritter*

"Section 233(a) grants absolute immunity to [Public Health Service] officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct." *Hui v. Castaneda*, 130 S. Ct. 1845, 1851 (2010).

Defendants Goodin and Ritter assert in the Motion to Dismiss that they are in fact covered by this provision, based on their employment status.  Notably, the Motion to Dismiss includes an affidavit to that effect.  (*See* Motion to Dismiss, Declaration of Kaitlin B. Turner, Doc. No. 66-2.)  Plaintiff, in his Response, points only to the fact that he was given six months for discovery of documents necessary to present his claims against the government, and that "[t]he defense is in possession of these documents and can work on their defense." (Response at 1.)  However, this argument fails to address how any pertinent discovery Plaintiff seeks would help resolve the issue of whether either of these defendants are entitled to immunity.  *See*, *e.g.*, *Murrell v. Serrato*, No. CV 09–0556–TUC–DCB, 2010 WL 3705288, at * 3 ("proof of [scope of employment] is in most § 233(a) cases established by a declaration affirming that the defendant was a PHS official during the relevant time period") (quoting *Hui*, 130 S. Ct. at 1854).  In short, Plaintiff confuses the discovery attendant to an entire cause of action with the discovery necessary to resolve a threshold issue such as immunity.  Accordingly, the court finds that the

possibility of absolute immunity being granted simultaneously warrants a stay of discovery as to Defendants Goodin and Ritter.

Therefore, for the foregoing reasons, it is

**ORDERED** that "Defendants' Motion to Stay" (Doc. No. 73) is **GRANTED**. All discovery on this matter is hereby **STAYED** pending ruling on "Defendants' Motion to Dismiss" (Doc. No. 66). Defendants shall file a status report no later than five days after the District Court's ruling on their Motion to Dismiss if any portion of the case remains pending.

Dated this 12th day of September, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge