IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–02721–MSK–KMT

BRUCE W. JONES,

    Plaintiff,

v.

MARK KELLAR, individually and in his official capacity as the health service Administrator at FCI-Florence,
LISA MCDERMOTT, individually and in her official Capacity as Assistant Health Services Administrator at FCI-Florence,
PETER BLUDWORTH, individually and in his official capacity as associate warden at FCI-Florence,
MIKE GOODIN, individually and in his official capacity as chief pharmacist at FCI-Florence,
DR. DAVID ALLRED, individually and in his official capacity as clinical director of FCI-Florence,
DR. GEORGE SANTINI, individually and in his official capacity as staff Physician at FCI-Florenece,
CARI RITTER, individually and in her official capacity as mid-level Provider, at FCI-Florence,
MRS. A. VINYARD, individually and in her official capacity as Physician assistant at FCI-Florence,
GILBERTA TRUJILLO, individually and in her official capacity as secretary of medical at FCI Florence,
MR. GRIFFIN, individually and in his official capacity as Correctional Officer at FCI-Florence,
JOHN DOE, individually and in his official capacity as Chief Health Programs at North Central Region, Leavenworth, Kansas, and
DR. JAMES PELTON, individually and in his official capacity as Region Medical Director at North Central Region, Leavenworth, Kansas,

    Defendants.

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on the Order to Show Cause (Doc. No. 94) and Plaintiff's "Motion to Show Cause" (Doc. No. 100, filed September 27, 2012). Plaintiff's filing is construed as a response to the Order to Show Cause.

On February 2, 2012, Plaintiff filed an Amended Prisoner Complaint (Doc. No. 27), asserting claims against, *inter alia*, Defendant John Doe. On March 9, 2012, the summons issued for Defendant Doe was returned unexecuted, as the Unites States Marshals Service could not determine who would be "Chief Health Programs" or "John Doe" at United States Penitentiary Leavenworth. (Doc. No. 45.) On September 12, 2012, the court ordered Plaintiff to show cause, on or before October 1, 2012, why Defendant Doe should not be dismissed from this action pursuant to Fed. R. Civ. P. 4(m) for lack of service and/or failure to properly name the defendant.

As of the date of this Recommendation, there is no indication that Defendant Doe has been served. As cause for his failure to serve Defendant Doe, Plaintiff insists that he is unable to serve Defendant Doe because he cannot obtain the name and address of the Chief of Health Programs, Health Services Division from the Assistant United States Attorney acting as counsel for the other defendants. (Doc. No. 100 at 1-2.) Plaintiff claims, without benefit of factual support, that the "the United States Government has not been forthcoming and in fact have delibertly [sic] hidden this name." (*Id*. at 2.)

It is Plaintiff's responsibility to prosecute this action and to serve the defendants he has named. Therefore, Plaintiff's attempt to shift that responsibility to the attorney for the other defendants in this action does not constitute good cause for his failure to serve. Moreover, at this

point in the process, discovery of the name and address of Defendant Doe from the attorney representing the other defendants is improper because all discovery has been stayed as to those defendants. (*See* Doc. No. 95.) Plaintiff has failed to provide any other credible explanation for his failure to properly serve the defendant.

Pursuant to Fed. R. Civ. P. 4(m),

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

It is well over 120 days since Plaintiff filed the Complaint in this matter. (*See* Doc. No. 1 at 1.) Plaintiff was notified that his failure to serve may result in a recommendation that the claims against Defendant Doe be dismissed without prejudice. (*See* Doc. No. 94.) Moreover, Local Rule of practice 41.1, D.C.COLO.L.Civ.R, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

Plaintiff has failed to serve Defendant Doe within the time set by Fed. R. Civ. P. 4(m), or to prosecute this action as to Defendant Doe as required by Local Rule 41.1. Furthermore, the court finds that Plaintiff has failed to provide good cause for his lack of prosecution. Accordingly, this court

**RECOMMENDS** that the claims against Defendant Doe be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service.

Dated this 1st day of October, 2012.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge