IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02721-MSK-KMT

BRUCE W. JONES,

    Plaintiff,

v.

MARK KELLAR, individually and in his official capacity as the health service Administrator at FCI-Florence,
LISA MCDERMOTT, individually and in her official Capacity as Assistant Health Services Administrator at FCI-Florence,
PETER BLUDWORTH, individually and in his official capacity as associate warden at FCI-Florence,
MIKE GOODIN, individually and in his official capacity as chief pharmacist at FCI-Florence,
DR. DAVID ALLRED, individually and in his official capacity as clinical director of FCI-Florence,
DR. GEORGE SANTINI, individually and in his official capacity as staff Physician at FCI-Florenece,
CARI RITTER, individually and in her official capacity as mid-level Provider, at FCI-Florence,
MRS. A. VINYARD, individually and in her official capacity as Physician assistant at FCI-Florence,
GILBERTA TRUJILLO, individually and in her official capacity as secretary of medical at FCI Florence,
MR. GRIFFIN, individually and in his official capacity as Correctional Officer at FCI-Florence,
JOHN DOE, individually and in his official capacity as Chief Health Programs at North Central Region, Leavenworth, Kansas, and
DR. JAMES PELTON, individually and in his official capacity as Region Medical Director at North Central Region, Leavenworth, Kansas,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on Plaintiff's "Preliminary Injunction" and "Memorandum in Support of Plaintiff's Prisoner Motion for Preliminary Injunction." (Doc. Nos. 83 ["Mot."]; 83-1 ["Mem."], filed Aug. 15, 2012.) Defendants Kellar, McDermott, Bludworth, Goodin, Allred, Santini, Ritter, Vinyard, and Trujillo filed their Amended Response on November 2, 2012 (Doc. No. 113 ["Resp."]). Plaintiff filed his reply on November 23, 2012 (Doc. No. 116 ["Reply"]). This motion is ripe for review and recommendation.

The court must construe the motion liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

Plaintiff seeks a preliminary injunction for "delayed and denied medical care." Specifically, Plaintiff seeks an order requiring that he be provided with post-surgical occupational therapy. (*See* Mot. at 1-2.) A party seeking injunctive relief must meet all of the following four conditions:

> (1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999). A party seeking injunctive relief must found his effort on specific factual allegations. *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th Cir. 1992). Ultimately, because "a preliminary injunction is an extraordinary remedy," the moving party must establish that his "right to relief [is] clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

In his Amended Complaint, Plaintiff generally alleges over a three-year period of time, medical staff and administration at FCI-Florence knew about and failed to inform him of serious medical problems and to provide recommended treatment. (*See* Doc. No. 27 at 8-9.) After commencement of the lawsuit, Plaintiff underwent "C5-6 foraminectomy surgery" in February 2012. (Resp., ¶ 5; *see also* Resp., Ex. 1, Decl. of George Santini, M.D., ¶ 3.) Plaintiff now alleges he is being denied post-surgical occupational therapy that has been recommended by a neurosurgeon and a physical therapist. (Mem. at 2.) Plaintiff states he fears that, without the therapy, he will be unable to return to the work force upon his release. (*Id.*)

When reviewing medical decisions affecting individual prisoners, there is a reluctance of courts to interfere in the medical decision-making process. *See*, *e.g.*, *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 811 (10th Cir. 1999) (a disagreement with medical personnel "does not give rise to a claim for deliberate indifference to serious medical needs"); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) ("a difference of opinion does not support a claim of cruel and unusual punishment"); *see also Estelle v. Gamble*, 429 U.S. 97, 107 (1976) (whether a certain form of treatment should be prescribed "is a classic example of a matter for medical judgment"). Granting a mandatory preliminary injunction on such unsupported and conclusory assertions as described by Plaintiff would unnecessarily involve the courts in the discretionary activities of Bureau of Prisons officials and the medical decisions of the professional medical providers.

Moreover, the relief Plaintiff seeks here does not equate to the relief sought in this lawsuit. (*Compare* Am. Compl. *with* Mot. at 1-2.) Plaintiff states in his Reply that his original

and amended complaints seek "rehabilitation of health after surgery" (Reply at 1-2), but the factual basis for the denial of occupational therapy at issue here arose after the date of the operative complaint. (*See* Am. Compl.) Injunctive relief is generally not appropriate to address post-complaint conduct. *Teague v. Hood*, No. 06–cv–01800, 2008 WL 2228905, at *16 (D. Colo. May 27, 2008) (noting that injunctive relief should not lie to address conduct that occurred after complaint was filed). Finally, this court has recommended that Plaintiff's motion to amend his complaint to add a claim related to the denial of occupational therapy be denied. (*See* Doc. No. 122 at 25–26.) As such, Plaintiff cannot show that he is likely to succeed on the merits of the injunctive relief he seeks in his motion.

Plaintiff has failed, except in a conclusory fashion, to address the other three factors required to obtain injunctive relief. (*See* Mem. at 2–3.)

**WHEREFORE**, given that Plaintiff has failed to meet the requirements to obtain injunctive relief, the court respectfully

**RECOMMENDS** that Plaintiff's motion for preliminary injunction" (Doc. No. 83) be **DENIED**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A

general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 31st day of January, 2013.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge