IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02721–RM–KMT

BRUCE W. JONES,

    Plaintiff,

v.

MARK KELLAR, individually and in his official capacity as the health service Administrator at FCI-Florence,
LISA MCDERMOTT, individually and in her official Capacity as Assistant Health Services Administrator at FCI-Florence,
PETER BLUDWORTH, individually and in his official capacity as associate warden at FCI-Florence,
DR. DAVID ALLRED, individually and in his official capacity as clinical director of FCI-Florence,
DR. GEORGE SANTINI, individually and in his official capacity as staff Physician at FCI-Florence,
MRS. A. VINYARD, individually and in her official capacity as Physician assistant at FCI-Florence,
GILBERTA TRUJILLO, individually and in her official capacity as secretary of medical at FCI Florence,
J. GRIFFITH, individually and in his official capacity as Correctional Officer at FCI-Florence,
JOHN DOE, individually and in his official capacity as Chief Health Programs at North Central Region, Leavenworth, Kansas, and
DR. JAMES PELTON, individually and in his official capacity as Region Medical Director at North Central Region, Leavenworth, Kansas,

    Defendants.

# ORDER

This matter is before the court on Plaintiff's "Leave to Request Production of Additional

Documents" [Doc. No. 160] and Plaintiff's "Motion for an Order Compelling Discovery in

Alternative Leave to Request Additional Interrogatories" [Doc. No. 159], both filed April 22, 2013. Plaintiff seeks an additional 7[1] requests for production of documents and additionally seeks to clarify whether he is allowed to serve 25 interrogatories in total divided amongst all defendants or whether the 25 allowable interrogatories were allowed to be directed to each defendant, i.e. party. The defendants object to both motions on the basis first that the court minutes of the scheduling hearing on March 21, 2013 state, "Each *side* shall be limited to twenty-five (25) Interrogatories . . . " [Doc. No. 145 (March Minutes") at 2](emphasis added) and that the Defendants have filed motions for summary judgment which could, if granted, resolve the case. (Resps. [Doc. Nos. 164 and 165].) The court notes first that the March Minutes incorrectly portray what actually was stated at the hearing concerning division of the interrogatories and second, that the Defendants have not successfully sought a stay of discovery based upon their motions for summary judgment.[2]

The court has reviewed the oral recording of the March 21, 2013 hearing.[3] When discussing the number of interrogatories and other written discovery allowed by the parties, the

---

[1] It is not clear whether Plaintiff is requesting 7 additional requests for documents per party, or whether he is requesting 7 additional total requests. Based on the representations of Plaintiff concerning the scope of his additional requests, it appears he is requesting 7 more requests in total.

[2] A stay in this case was granted while the court considered the defendants' previously filed motions to dismiss but was lifted upon the recommendation by this court that the motions be granted in part and denied in part. [Doc. Nos. 122 and 123.] Those recommendations were adopted by the District Judge on March 5, 2013. [Doc. No. 132.]

[3] There is no official transcript of this hearing because none was ordered by either side to support or substantiate their arguments.

defendants' counsel repeatedly stated that the defendants agreed with the limitations on discovery as previously ordered at the scheduling conference held on July 10, 2012. In fact, defense counsel even referenced the Minute Entry for that previous conference, Doc. No. 70, and stated that the defendants supported all the court's previous limitations therein. The plaintiff also agreed on the same limitations.

The court has also reviewed the oral recording and the Minutes of the hearing on July 10, 2012. The minutes clearly state, "Each *party* shall be limited to twenty-five (25) interrogatories. [Doc. No. 70 at 2] (emphasis added). Additionally, the July minutes also state each *party* shall be limited to seven (7) Requests for Production of Documents." *Id.* (emphasis added). The oral record of the July 2012 proceeding reflects that there was an active discussion about the limitations on discovery. The court advised the parties that limitations would apply to each "person." The court specifically asked if the Plaintiff would need 25 interrogatories per party given the large number of parties in the case at the time. The Plaintiff replied that he did need 25 interrogatories as to some of the defendants. Defense counsel did not object to that number but also stated his intention to file a motion to stay discovery based on his motions to dismiss. The court thereafter specifically and unequivocally allowed Plaintiff to ask 25 interrogatories per party and to make 7 requests for production of documents per party.

From reviewing the actual court proceedings, then, the court now finds that the March Minutes are simply incorrect insofar as the notation that the discovery is limited to 25 interrogatories *per side* and 7 requests for production of documents *per side*.

The court reminds Plaintiff that discovery through interrogatories and requests for production of documents can only be made on parties. To obtain documents or other information from a non-party such as the hospital where Plaintiff allegedly had his February 18, 2013 surgery, Plaintiff must use other means including the issuance of a subpoena under Fed. R. Civ. P. 45.

Accordingly, it is **ORDERED**

1. Plaintiff's "Leave to Request Production of Additional Documents" [Doc. No. 160] is **GRANTED**. Plaintiff is allowed to propound 7 **total** additional document requests upon the Defendants **collectively**.

2. Plaintiff's "Motion for an Order Compelling Discovery in Alternative Leave to Request Additional Interrogatories" [Doc. No. 159] is **GRANTED**. Plaintiff may propound up to 25 interrogatories, including sub-parts, on each Defendant. To the extent interrogatories have been previously propounded and responded to, the total number per defendant shall be reduced thereby.

Dated this 3d day of May, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge