IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–02721–RM–KMT

BRUCE W. JONES,

      Plaintiff,

v.

MARK KELLAR, individually and in his official capacity as the health service Administrator at FCI-Florence,
LISA MCDERMOTT, individually and in her official Capacity as Assistant Health Services Administrator at FCI-Florence,
PETER BLUDWORTH, individually and in his official capacity as associate warden at FCI-Florence,
DR. DAVID ALLRED, individually and in his official capacity as clinical director of FCI-Florence,
DR. GEORGE SANTINI, individually and in his official capacity as staff Physician at FCI-Florenece,
MRS. A. VINYARD, individually and in her official capacity as Physician assistant at FCI-Florence,
GILBERTA TRUJILLO, individually and in her official capacity as secretary of medical at FCI Florence,
J. GRIFFITH, individually and in his official capacity as Correctional Officer at FCI-Florence, and
JOHN DOE, individually and in his official capacity as Chief Health Programs at North Central Region, Leavenworth, Kansas,

      Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Magistrate Judge Kathleen M. Tafoya**

      This matter is before the court *sua sponte* on Plaintiff's "Notification of Change of Address" (Doc. No. 219, filed September 27, 2013) and "Defendants' Status Report Regarding Plaintiff's Custodial Status" (Doc. No. 221, filed September 30, 2013).

## STATEMENT OF THE CASE

The only claims remaining in this case are Plaintiff's Claim One against Defendants Kellar, McDermott, Allred, Santini, Bludworth, Vinyard and Trujillo in their individual capacities and their official capacities for injunctive relief only; Plaintiff's Claim Two against Defendants McDermott and Allred in their individual capacities and their official capacities for injunctive relief only; and Plaintiff's Claim Four against Defendant Griffiths only.[1, 2] (*See* Doc. No. 122 at 27–28; Doc. No. 132.)

In Claim One, Plaintiff alleges that on January 23, 2008 he had a seizure and was taken to Denver Health Center. (*Id.* at 11.) A CT scan was performed, and Plaintiff states it showed a "soft tissue mass at C-5, C-6" and that the radiologist recommended an MRI be performed.[3] (*Id.*) Shortly thereafter, Plaintiff was transferred to FCI-Florence, where Defendant Kellar began treating him for neck and arm pain. (*Id.*) Plaintiff was also seen by Defendants Santini and Ritter, medical providers at FCI-Florence. (*Id.*) Plaintiff alleges Defendants Kellar and Santini failed to inform him of the soft tissue mass found in the CT scan performed at Denver Health. (*Id.*) Plaintiff also alleges he was not given adequate pain medications by Defendants Ritter and Allred, despite increased pain. (*Id.* at 12.)

---

[1]In the caption and throughout the Amended Complaint, Plaintiff misspells Defendant Griffith's name as "Griffin" or "Griffen." (*See* Am. Compl. [Doc. No. 27].)

[2]Defendant Griffith was not served until May 3, 2013, after Chief District Judge Marcia S. Krieger had ruled on the other defendants' Motion to Dismiss.

[3]Plaintiff's Amended Complaint does not allege any claims related to the CT scan or discovery of the soft tissue mass. Rather, his claims focus entirely on care after he was transferred to FCI-Florence. (*See* Am. Compl.)

2

At some point, a neurosurgeon consult was ordered.  (*Id*. at 11.)  On July 22, 2010, the Utilization and Review Committee ("URC"), consisting of Defendants Kellar, McDermott, Allred, Santini, Bludworth, Ritter, Vinyard and Trujillo, met and denied the request for the consultation.  (*Id*. at 12.)

In Claim Two, Plaintiff alleges that on February 16, 2011, Defendant Allred prescribed morphine sulphate for pain management, but Defendant Goodin, the Chief Pharmacist at FCI-Florence, refused to fill the prescription.  (*Id*. at 14.)  Plaintiff informed Defendant Bludworth, the associate warden at FCI-Florence, of Defendant Goodin's actions through an inmate request form, and in response, Plaintiff was seen by Defendants Allred, Ritter and McDermott on February 23, 2011, who allegedly informed him that his prescription had been rescinded because Plaintiff had been seen working at a prison job.  (*Id*.)  Plaintiff alleges they prescribed an alternate medication to which he had a "stated allergy," and when he received it at the next "pill line," he had a reaction that caused him to undergo two days of emergency care.  (*Id*.)

In Claim Four, Plaintiff alleges that on April 12, 2011, he was seen by Dr. Koons, a neurosurgeon.  (*Id*. at 17.)  However, Defendant Griffith refused to remove the restraints during the exam because "Administration told him was not to remove the restraints."  (*Id*.)  Plaintiff alleges Dr. Koons, therefore, was unable to conduct a proper exam, and further treatment was delayed for nine months.  (*Id*.)

Plaintiff seeks prospective injunctive relief in the form of provision of surgery allegedly recommended by the neurosurgeons, proper pain management and rehabilitation, and transfer to a medical facility capable of addressing his medical needs.  (*Id*. at 21.)

According to Defendants' Status Report, Plaintiff Jones has been released from custody of the Federal Bureau of Prisons.  (*See* Doc. No. 221-1, ¶ 3 and Attach. 4.)  It appears Plaintiff is now is in custody of the Colorado Department of Corrections and being held at the Denver Reception and Diagnostic Center ("D.R.D.C.").  (*See* Doc. No. 219.)

## ANALYSIS

Mootness is an issue of subject matter jurisdiction, which can be raised at any stage of the proceedings.  *Kennedy v. Lubar*, 273 F.3d 1293, 1301–02 (10th Cir. 2001). "[F]ederal courts are courts of limited jurisdiction," and thus the Court must have a statutory basis to exercise its jurisdiction.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).  Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964).  "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."  *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)).  The Court may consider the question of subject matter jurisdiction sua sponte at any time.  *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988); *Smith v. Krieger*, 643 F. Supp. 2d 1274, 1293 n.6 (D. Colo.2009).

This Court has no jurisdiction to consider moot cases, that is, cases in which "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (citation omitted).  "It is a

4

basic principle of Article III that a justiciable case or controversy must remain extant at all stages

of review, not merely at the time the complaint is filed." *Deberry v. Davis*, 460 F. App'x 796,

799 (10th Cir.2012) (internal quotations and citation omitted).  A claim may become moot at any

point in the controversy and deprive the Court of authority to decide questions which had

previously been at issue.  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990). "[I]t is

therefore not enough that the dispute was alive when the suit was filed; the parties must continue

to have a personal stake in the outcome."  *McLendon v. City of Albuquerque*, 100 F.3d 863, 867

(10th Cir. 1996).

    The only relief remaining for Plaintiff is injunctive in nature.  (See Doc. No. 122 at

27–28; Doc. No. 132.)  Plaintiff's release from BOP custody means that he no longer has a

personal stake in this matter.  *See McLendon*, 100 F.3d at 867; *Geraghty*, 445 U.S. at 396

(stating that application of the mootness doctrine requires examination of whether "the parties

lack a legally cognizable interest in the outcome").  To illustrate, the Court briefly discusses

application of the mootness doctrine to the relief Plaintiff seeks.

    "Where a plaintiff seeks an injunction, his susceptibility to continuing injury is of

particular importance—'[p]ast exposure to illegal conduct does not in itself show a present case

or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present

adverse effects.' "  *Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011) (quoting *O'Shea v.

Littleton*, 414 U.S. 488, 495–96 (1974)).  "[W]here a prisoner brings a lawsuit challenging

policies that apply in a generally uniform fashion throughout a prison system, courts have been

disinclined to conclude that the prisoner's declaratory or injunctive claims are moot, even after

he has been transferred to another prison <u>in that system</u>."[4]  *Jordan*, 654 F.3d at 1028.  However,

in his Amended Complaint, Plaintiff has not pleaded or argued the existence of any policies that

have prevented him from receiving the medical attention he seeks.  As such, his claims against

the defendants are moot because they do not concern any policy that applies in a generally

uniform fashion throughout the federal prison system.  *See Burnett v. Jones*, 454 F. App'x. 655,

657 (10th Cir. 2011).

In light of the above-stated legal precedent, the Court lacks subject matter jurisdiction

over Plaintiff's claims.  Thus, if the Court issued an order granting the relief requested, the order

would be an impermissible advisory opinion regarding Defendant BOP and its staff and would

have no "effect in the real world" for Plaintiff.  *See Jordan*, 654 F.3d at 1029.  "[A]s a federal

court, [the Court is] not in the business of rendering such feckless judgments."  *Deberry*, 460 F.

App'x at 799.  Thus, the mootness doctrine precludes Plaintiff's constitutional claims and

precludes any injunctive relief that could be imposed against Defendants.  *See Jordan*, 654 F.3d

at 1026.

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** in its entirety without

prejudice.  The court further

**RECOMMENDS** that "Defendants[] [Kellar, McDermott, Bludworth, Allred, Santini,

Vinyard, and Trujillo's] Motion for Summary Judgment (Doc. No. 134), "Defendant Griffith's

---

[4]The court notes that Plaintiff has not been transferred to another prison in the BOP
system.

Motion for Summary Judgment" (Doc. No. 179), "Plaintiff's Motion for Summary Judgment"

(Doc. No. 148) and Plaintiff's "Memorandum in Support of Plaintiff's Prisoner Motion for

Preliminary Injunction" (Doc. No. 193) be **DENIED** as moot.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A

general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to

make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both

timely and specific to preserve an issue for *de novo* review by the district court or for appellate

7

review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 2nd day of October, 2013.

BY THE COURT:

_____

Kathleen M. Tafoya
United States Magistrate Judge