**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 11-cv-02721-RM-KMT

BRUCE W. JONES,

    Plaintiff,

v.

MARK KELLAR, Individually and in his official capacity as the Health Service Administrator at FCI-Florence;
LISA MCDERMOTT, Individually and in her official capacity as Assistant Health Services Administrator at FCI-Florence;
PETER BLUDWORTH, Individually and in his official capacity as Associate Warden at FCI-Florence;
DR. DAVID ALLRED, Individually and in his official capacity as Clinical Director of FCI-Florence;
DR. GEORGE SANTINI, Individually and in his official capacity as Staff Physician at FCI-Florence;
MRS. A. VINYARD, Individually and in her official capacity as Physician Assistant at FCI-Florence;
GILBERTA TRUJILLO, Individually and in her official capacity as Secretary of Medical at FCI-Florence; and
J. GRIFFITH,[1] Individually and in his official capacity as Correctional Officer at FCI-Florence,

    Defendants.

**ORDER ON
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE (ECF NO. 222)**

THIS MATTER is before the Court on the October 2, 2013 Recommendation of United States Magistrate Judge ("Second Recommendation") (ECF No. 222) that: (1) Plaintiff's Amended Complaint and this case be dismissed without prejudice for lack of subject matter jurisdiction; and (2) certain motions pending before this Court be denied as moot.

---

[1] Mr. Griffith was originally identified in Plaintiff's Amended Complaint as Mr. Griffin. (ECF Nos. 27 & 157.)

## I.     PROCEDURAL HISTORY.

At the time Plaintiff filed his complaint, he was a federal prisoner incarcerated at FCI-Florence. (ECF Nos. 1 & 27.) In his Amended Complaint, Plaintiff asserted six claims for relief and requested compensatory damages and injunctive relief. Generally, Plaintiff alleges that one or more defendants failed to inform him of known serious medical problems and failed to provide recommended treatment. He also alleges he was denied access to the administrative remedy process. Upon the dismissal of several defendants,[2] the remaining claims were One through Five and the remaining defendants were Kellar, McDermott, Bludworth, Goodin, Allred, Santini, Ritter, Vinyard and Trujillo (collectively, "Movants") and Griffin. (ECF Nos. 31, 101, 103 & 213.)

The Movants filed a Motion to Dismiss which the Magistrate Judge recommended be granted in a January 31, 2013 Recommendation ("First Recommendation"). (ECF No. 122.) By Order ("Order") dated March 5, 2013, the Court adopted the First Recommendation. (ECF No. 132.) Accordingly, as relevant to the issues before this Court, Defendants Goodin and Ritter were dismissed entirely; Claims Three, Four and Five were dismissed as against the Movants; Claim One would proceed against Defendants Kellar, McDermott, Allred, Santini, Bludworth, Vinyard and Trujillo in their individual capacities and their official capacities but for injunctive relief only; and Claim Two would proceed against Defendants McDermott and Allred in their individual capacities and their official capacities but for injunctive relief only.

---

[2] Defendant Pelton was dismissed later, but the timing is irrelevant for the purposes of this order.

As for Defendant Griffith, Plaintiff's only claim against him is Claim Four, requesting injunctive relief and compensatory damages. (ECF No. 27, pages 17 & 21.) The First Recommendation and Order did not address Plaintiff's claim against Defendant Griffith because he had not yet been served and was not one of the Movants. (ECF Nos. 66, 122, 132 & 168.) Defendant Griffith has a Motion for Summary Judgment pending. (ECF No. 179.)

## II.   THE SECOND RECOMMENDATION.

On September 27, 2013, Plaintiff notified the Court of his change of address. Thereafter, Defendants notified the Court that Plaintiff had been released from custody of the Federal Bureau of Prisons and is now in the custody of the Colorado Department of Corrections. (ECF Nos. 219 & 221.) Upon receipt of this information, and the determination that Plaintiff has not pleaded or argued the existence of any policies that prevented him from receiving the medical attention he seeks, the Magistrate Judge determined the Court lacked subject matter jurisdiction because the only relief remaining for Plaintiff was injunctive relief. (ECF No. 222, pages 5-6.) Accordingly, the Magistrate Judge recommended that: (1) Plaintiff's complaint be dismissed in its entirety without prejudice; and (2) certain pending motions before this Court be denied as moot, including Defendant Griffith's Motion for Summary Judgment. (ECF No. 222, pages 6-7.)

The Second Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the recommendation and was not returned as undeliverable to Plaintiff. No party has to date filed any objections to the Second Recommendation and the time for any objections has expired.

The Court has reviewed the Second Recommendation and the file, and concludes that as to Defendants Kellar, McDermott, Bludworth, Allred, Santini, Vinyard, and Trujillo, the Magistrate Judge's analysis was thorough and sound, and that there is no clear error of law or abuse of discretion. *See* FED. R. CIV. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

The Court finds, however, that Claim Four against Defendant Griffith remains pending, and includes a request for compensatory and injunctive relief. In light of the bases for the Magistrate Judge's recommendation of dismissal, Plaintiff's claim against Defendant Griffith is therefore not moot.

In accordance with the foregoing,

**IT IS ORDERED** that:

1. The Magistrate Judge's Recommendation (ECF No. 222) is **ADOPTED** as to Defendants Kellar, McDermott, Bludworth, Allred, Santini, Vinyard, and Trujillo's **ONLY**;

2. The Plaintiff's remaining claims are dismissed without prejudice for lack of subject matter jurisdiction as to Defendants Kellar, McDermott, Bludworth, Allred, Santini, Vinyard, and Trujillo's **ONLY**;

3. The following motions are denied as **MOOT**:

   a. Defendants' [Kellar, McDermott, Bludworth, Allred, Santini, Vinyard, and Trujillo's] Motion for Summary Judgment (ECF No. 134);

   b. Plaintiff's Motion for Summary Judgment as to Claim One (ECF No. 148); and

   c. Plaintiff's "Memorandum in Support of Plaintiff's Prisoner Motion for Preliminary Injunction" requesting injunctive relief in the form of medical care (ECF No. 193);

4. The names of Defendants Kellar, McDermott, Bludworth, Allred, Santini, Vinyard, and Trujillo shall be removed from the caption of this action in all future filings in this matter; and

5. The Second Recommendation is returned to the Magistrate Judge as to Defendant Griffith only, with instructions to consider Plaintiff's Claim Four as to Defendant Griffith, including addressing Defendant Griffith's Motion for Summary Judgment (ECF No. 179), if appropriate, and to issue a recommendation in light of the same.

DATED this 15th day of November, 2013.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge