IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–02721–RM–KMT

BRUCE W. JONES,

     Plaintiff,

v.

J. GRIFFITH, individually and in his official capacity as Correctional Officer at FCI-Florence,

     Defendant.

## AMENDED RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

     This matter is before the court on "Defendant Griffith's Motion for Summary Judgment" (Doc. No. 179 [Mot.], filed June 24, 2013), to which Plaintiff filed his response on August 1, 2013 (Doc. No. 206 [Resp.]) and Defendant filed a reply on September 17, 2013 (Doc. No. 216 [Reply]).  This matter is ripe for recommendation and order.

## STATEMENT OF THE CASE

     The only claim remaining in this case is Plaintiff's Claim Four against Defendant Griffiths only, in which Plaintiff requests injunctive relief and compensatory damages.[1]  (Doc. No. 27 at 17 & 21.)  Plaintiff alleges that on April 12, 2011, he was seen by Dr. Koons, a neurosurgeon.  (*Id*. at 17.)  However, Defendant Griffith allegedly refused to remove Plaintiff's

---

[1]In the caption and throughout the Amended Complaint, Plaintiff misspells Defendant Griffith's name as "Griffin" or "Griffen."  (*See* Am. Compl. [Doc. No. 27].)

restraints during the exam because "Administration told him was not to remove the restraints." (*Id.*)  Plaintiff alleges Dr. Koons, therefore, was unable to conduct a proper exam, and further medical treatment was delayed for nine months.  (*Id.*)  Plaintiff alleges Defendant Griffith violated Plaintiff's Eighth Amendment rights.  (*Id.*)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(c). A disputed fact is "material" if "under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Thomas v. Metropolitan Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (citing *Anderson*, 477 U.S. at 248).

When ruling on a motion for summary judgment, a court may consider only admissible evidence. *See Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1209-10 (10th Cir. 2010). The

factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Concrete Works*, 36 F.3d at 1517. Moreover, because Plaintiff is proceeding *pro se*, the court, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). At the summary judgment stage of litigation, a plaintiff's version of the facts must find support in the record. *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Thomson*, 584 F.3d at 1312.

## ANALYSIS

Defendant Griffith moves for summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The "PLRA's exhaustion requirement applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). *See*

*also Booth v. Churner*, 532 U.S. 731, 731–32 (2001) (PLRA requires exhaustion in all matters

regardless of remedy sought and availability of remedy at the agency level).

The PLRA's requirement that an inmate exhaust all available administrative remedies

before initiating suit is mandatory. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion is

no longer left to the discretion of the district court, but is mandatory."). *See also Jones v. Bock*,

549 U.S. at 210–212 ("There is no question that exhaustion is mandatory under the PLRA and

that unexhausted claims cannot be brought in court."). "To exhaust administrative remedies an

inmate must properly comply with grievance procedures; substantial compliance is insufficient."

*Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007). "[T]o properly exhaust

administrative remedies prisoners must complete the administrative review process in

accordance with the applicable procedural rules,—rules that are defined not by the PLRA, but by

the prison grievance process itself." *Bock*, 549 U.S. at 218 (internal quotation marks and citation

omitted). Thus, it is the prison's own grievance procedures that set forth what the prisoner must

do in order to exhaust his or her administrative remedies. *Id.*, 549 U.S. at 218 (citation omitted).

"[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper

exhaustion." *Id.*

After *Jones v. Bock*, a failure to exhaust administrative remedies constitutes an

affirmative defense which must proved by defendants. *Roberts v. Barreras*, 484 F.3d 1236, 1241

(10th Cir. 2007). Defendant Griffith submits evidence that Plaintiff failed to exhaust the

requisite administrative remedies as to his claims. The Federal Bureau of Prisons ("BOP") has a

four-step administrative process that provides for review at the institutional, regional and

national levels "through which inmates may seek formal review of an issue which relates to any aspect of their confinement [with exceptions not pertinent to this case], if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10 –542.18. The court may take judicial notice of the BOP's administrative process. *See Ray v. Aztec Well Service Co.*, 748 F.2d 888, 889 (10th Cir. 1984) (court can take judicial notice of agency rules and regulations).

The BOP's administrative procedures provide that "an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). Following informal attempts to resolve a complaint, an inmate must submit to the Warden "a formal written Administrative Remedy Request, on the appropriate form (B–9), 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). If unsatisfied with the Warden's response, the inmate may file "an Appeal on the appropriate form (BP–10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 C .F.R. § 542.15(a). If unsatisfied with the Regional Director's response, the prisoner "may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id.* The appeal to the General Counsel at the Central Office constitutes the final administrative appeal. *Id.* An inmate may not raise issues in an appeal that were not raised in the lower level filing. 28 C.F.R. § 542.15(b)(2). At any stage of the process, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

According to Kaitlin B. Turner, an Attorney Advisor at the Federal Correctional Complex in Florence, Colorado, the BOP regularly maintains records of administrative complaints filed by inmates under the Bureau Administrative Remedy Program in a database called SENTRY.  (Mot., Attach. 1 [Turner Decl.], ¶¶ 1, 5.)  If the complaint is an initial filing, it will be assigned a unique Remedy ID Number upon initial entry, which will follow the complaint throughout the appeal process.  (*Id.*, ¶ 5,)  Each Remedy ID Number also contains an extender that identifies the level of review.  (*Id.*)  The extension F–1 indicates the complaint was filed at the institution level. (*Id.*)  The extension R–1 indicates the complaint or appeal was filed at the regional level.  (*Id.*) The extension A–1 indicates the appeal was filed at the national level. (*Id.*)

The evidence submitted by Defendant Griffith shows that Plaintiff appealed three administrative remedies related to his Eighth Amendment claims to the national level.  (*Id.*, ¶ 8) On August 18, 2011, Plaintiff filed remedy 652704, in which he requested to see a specialist for treatment of the soft tissue masses of his spine.  (*Id.*, ¶ 8.a.)  On September 26, 2011, Plaintiff filed remedy 657697, challenging the denial of medical treatment by a specialist.  (*Id.*, ¶ 8.b.) On September 26, 2011, Plaintiff filed remedy 665384, seeking transfer to a medical center to receive spinal surgery.  (*Id.*, ¶ 8.c.)

Plaintiff filed his initial Complaint in this case on October 19, 2011.  (Doc. No. 1.) However, the evidence shows Plaintiff had not received responses from the General Counsel regarding any of the three administrative remedies he appealed to the national level prior to

October 19, 2011.  (*See id.*, ¶ 10 and Attachs. 2–4.)   Therefore, Plaintiff filed to exhaust his

administrative remedies.

Plaintiff responds that he filed administrative remedy request number 657076-F1 as his

means of exhausting his claim against Defendant Griffith.  (Resp. at 1, 7.)  However, the

undisputed evidence shows Plaintiff filed administrative remedy request number 657076-F1 on

September 20, 2011.  (Reply, Turner Decl., ¶ 10 & Attach. 1.)  Requests for administrative

remedies must be filed within twenty days of the event complained about.  28 C.F.R. § 542.14.

Plaintiff's request was rejected as a code "UTF," which stands for an untimely filing, because

Plaintiff complained that Defendant Griffith violated his constitutional rights on April 12, 2011,

but did not file the request until September 20, 2011.  (Reply, Turner Decl., ¶¶ 11–13 & Attach.

1.)

Plaintiff asserts he attempted to file an administrative remedy in May 2011 but heard

nothing for two months.  (Resp. at 1& 6.)  However, Plaintiff fails to provide an administrative

remedy ID number of any proof of the request he filed in May 2011.  Moreover, Plaintiff filed

two other administrative remedy requests on May 10, 2011, and May 25, 2011—neither relating

to Plaintiff's claims against Defendant Griffith.  (Reply, Turner Decl., ¶ 17 & Attachs. 2 & 3.)

Upon review of the record, the court finds that nothing provided by Plaintiff controverts

Defendant's summary judgment evidence indicating that Plaintiff failed to follow BOP

procedures for exhausting available administrative remedies for the claim raised in the

complaint.  The evidence, viewed in the light most favorable to Plaintiff, fails to show that there

exists a genuine issue of material fact as to the exhaustion issue.  Therefore, the court concludes

Defendant Griffith is entitled to judgment as a matter of law, his motion for summary judgment should be granted, and Plaintiff's Fourth Claim should be dismissed without prejudice for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that "Defendant Griffith's Motion for Summary Judgment" (Doc. No. 179) be **GRANTED**.  The court further

**RECOMMENDS** that "Defendant's Motion for Judgment on the Pleadings" (Doc. No. 227) be **DENIED** as moot.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the

8

magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 18th day of February, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge