IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 11-cv-02721-RM-KMT

BRUCE W. JONES,

    Plaintiff,

v.

J. GRIFFITH,[1] Individually and in his official capacity as Correctional Officer at FCI-Florence,

    Defendant.

## ORDER

THIS MATTER is before the Court on Plaintiff's "Motion Objecting to Magistrate Judge and Article III Judge's Decision Dismissing Civil Action" ("Objection") (ECF No. 234), objecting to: (1) the Magistrate Judge's Recommendation ("Second Recommendation") (ECF No. 222) that Plaintiff's Complaint be dismissed without prejudice based on mootness; and (2) the Court's Order of November 15, 2013 ("November 2013 Order") (ECF No. 225) adopting that Recommendation as to all defendants then remaining (the "Florence Defendants") except Defendant J. Griffith. Upon consideration of the Recommendation, Plaintiff's Objection, the Court file, the applicable rules and case law, and being otherwise fully advised, for the reasons stated herein: (1) Plaintiff's Objection is overruled; and (2) the Court's November 2013 Order is modified as to Defendant Griffith as stated herein.

---

[1] Mr. Griffith was originally identified in Plaintiff's Amended Complaint as Mr. Griffin. (ECF Nos. 27 & 157.)

## I. PROCEDURAL HISTORY PRIOR TO THE SECOND RECOMMENDATON

The Court incorporates Section I. Procedural History in its November 2013 Order as if set forth herein. In addition, Defendant Griffith now also has a Motion for Judgment on the Pleadings pending. Defendant Griffith's pending motions and the Magistrate Judge's Amended Recommendation concerning such motions (ECF Nos. 179, 227 & 238) will be addressed in a separate order.

## II. THE SECOND RECOMMENDATION AND PLAINTIFF'S OBJECTION

On September 27, 2013, Plaintiff notified the Court of his change of address and release from federal custody. Thereafter, Defendants notified the Court that Plaintiff had been released from custody of the Federal Bureau of Prisons and was in the custody of the Colorado Department of Corrections. (ECF Nos. 219 & 221.) Upon receipt of this information, the Magistrate Judge determined the Court lacked subject matter jurisdiction because the only relief remaining for Plaintiff was injunctive relief. (ECF No. 222, pages 5-6.) Accordingly, the Magistrate Judge recommended that: (1) Plaintiff's complaint be dismissed in its entirety without prejudice; and (2) certain pending motions be denied as moot. (ECF No. 222, pages 6-7.)

The Second Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the recommendation and was not returned as undeliverable to Plaintiff. When the time for any objection had expired and no objection was filed, in its November 2013 Order, this Court adopted the Second Recommendation as to the Florence Defendants but not Defendant Griffith.[2] (ECF No. 225.) Subsequently, however, by

---

[2] The Court's November 2013 Order addressed Plaintiff's claim against Defendant Griffith differently from the claims against the Florence Defendants.

Order dated December 6, 2013 (ECF No. 232), this Court granted in part Plaintiff's "Motion to Allow Appeal of Magistrate[']s Ruling of Dismissal" (ECF No. 231) and allowed Plaintiff to file objections to the Second Recommendation. In Plaintiff's Motion to Allow Appeal, he acknowledged that "he is very much aware that since he is no longer in the custody of the BOP that injunctive relief is not available," but argued that compensation for permanent injury should be available. (ECF No. 231, page 2.) Plaintiff's Objection followed. (ECF No. 234.)

In his Objection, Plaintiff acknowledges he seeks injunctive relief and was released from federal prison on September 12, 2013. Nonetheless, he alleges the dismissal of the Florence Defendants was erroneous or manifestly unjust because: (1) the Colorado Department of Corrections ("CDOC") (who had custody of Plaintiff at the time he filed his Objection) refused to provide him medical treatment because the Federal Bureau of Prisons ("BOP") caused his medical problem, and CDOC forced him to go through a lengthy grievance process; (2) Plaintiff has been released to the Federal Probation Department effective January 15, 2014 and therefore back into federal custody; and (3) Plaintiff's health has deteriorated and he faces a lifetime of pain and continuing injury, but his numerous motions for injunctive relief were either denied without a hearing or not ruled upon. Plaintiff requests a hearing before this Court.

Plaintiff's notice of change of address filed subsequent to his Objection shows that by January 17, 2014, the CDOC had released Plaintiff from custody. (ECF No. 235.)

### III. ANALYSIS

A.  **LEGAL STANDARD**

When a magistrate judge issues a recommendation on a dispositive matter, the district court judge determines *de novo* any part of the magistrate judge's recommendation to which a

proper objection has been made. Fed.R.Civ.P. 72(b)(3). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* In addition, where a party is proceeding *pro se,* the Court must liberally construe his pleadings. *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as an advocate for the *pro se* party. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

### B.   MOOTNESS

"The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction." *Jordon v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011) (internal quotation marks omitted). "Mootness is found when events outside the litigation make relief impossible. Events may supersede the occasion for relief." *Jordon*, 654 F.3d at 1023 (internal quotation marks and alterations omitted). In other words, "the suit must present a real and substantial controversy with respect to which relief may be fashioned." *Jordon*, 654 F.3d at 1024. It is grounded in the requirement that a case before a federal court be "definite, concrete and *amenable to specific relief*." *Jordon*, 654 F.3d at 1024 (internal quotations omitted and emphasis in original). Accordingly, the Court must examine whether conclusive relief may be granted despite any change in circumstances. *See Jordon*, 654 F.3d at 1024.

The issue of mootness is raised where a prisoner files suit against prison officials who work in the institution in which he is incarcerated, seeking injunctive relief on the basis of

alleged wrongful conduct by those officials, and then the prisoner is subsequently transferred to another prison or released from the prison system.  *See Jordan*, 654 F.3d at 1027.  Where the prisoner's claims for injunctive relief relate solely to the conditions of confinement at the penal institution at which the prisoner is no longer incarcerated, courts are unable to provide the prisoner with effective relief.  *See Jordan*, 654 F.3d at 1027; *Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997).  In such a situation, a prisoner's transfer or release signals the end of the alleged deprivation of his constitutional rights as the prisoner is no longer subject to the conditions complained of or exposed to harm by that particular defendant.  *See Jordan*, 654 F.3d at 1027-1028.  In addition, the defendant can no longer comply with the remedy that may be ordered by the court.  *See Jordan*, 654 F.3d at 1027 n.16 & 1028.  Where a prisoner brings a lawsuit challenging policies that apply in a generally uniform fashion throughout a prison system, however, a prisoner's injunctive claims may not be moot even after he has been transferred to another prison in that system.  *See Jordan*, 654 F.3d at 1028-1029.

In this case, at the time the Magistrate Judge recommended the dismissal of Plaintiff's injunctive relief claims as moot, there were no allegations challenging policies that apply in a generally uniform fashion throughout the federal prison system and Plaintiff had been transferred from a federal prison to a *state system*, and the Florence Defendants and Defendant Griffith were federal prison officials at FCI-Florence.  Plaintiff's remaining claims related to his conditions of confinement, seeking prospective relief, *i.e.*, an order for defendants to follow recommendations for medical treatment, to provide pain management, to move him to a proper medical facility to address his medical needs, and to provide for proper rehabilitation.  As such, as the Magistrate Judge correctly determined in the Second Recommendation, Plaintiff's only remaining claims for

injunctive relief against the Florence Defendants are moot. Plaintiff's remaining claim as to Defendant Griffith, however, requested injunctive relief and compensatory damages. While Plaintiff's request for injunctive relief is also moot, his request for compensatory damages remains pending against Defendant Griffith.[3]

Plaintiff essentially raised three arguments as to why the merits of his case should be considered, but the Court's *de novo* review finds none of them supports a conclusion that dismissal was improper or relief may now be afforded. First, Plaintiff's allegation that the *CDOC* refused to provide him with medical treatment does not negate the conclusion that the issuance of any injunctive relief against the then remaining federal defendants could not provide Plaintiff the medical treatment he sought while incarcerated in the state system and continues to seek today.

Next, Plaintiff's contention that he is now on federal "probation"[4] also does not save his claims for injunctive relief. An inmate's supervised release status, does not, absent some exceptional showing, bring his claim for prospective injunctive relief under the narrow "capable of repetition, yet evading review" exception to the mootness doctrine. *See McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (inmate's parole or supervised release status did not save otherwise moot claim for injunctive relief); *Warner v. Patterson*, 534 Fed.Appx. 785, 788-789 (10th Cir. 2013) (inmate's expected return to Utah's parole violation process did not bring claim within narrow exception); *Nasious v. Colo.*, 495 Fed.Appx. 899, 902-903 (10th Cir. 2012) (inmate's transfer from state correctional facility to halfway house mooted claim for

---

[3] In its November 2013 Order, the Court returned the Second Recommendation to the Magistrate Judge to consider Plaintiff's remaining claim against Defendant Griffith for compensatory damages *and injunctive relief*. That latter requested relief, however, is moot in light of Plaintiff's release from federal custody.
[4] The Court assumes Plaintiff means supervised release.

injunctive relief). Here, no exceptional circumstances have been shown. Further, the Court can not speculate that Plaintiff will break the law or otherwise violate the conditions of his supervised release and may be placed back to the place and into the conditions on which his complaint is based. *E.g., McAlpine v. Thompson*, 187 F.3d at 1218; *Nasious v. Colo.*, 495 Fed.Appx. at 903. Accordingly, Plaintiff's injunctive relief claims are moot notwithstanding any asserted federal probation.

Finally, Plaintiff argues he is in continuing pain and his motions for injunctive relief were not ruled upon or denied without a hearing. The Court has reviewed the case file regarding Plaintiff's motions for preliminary injunction and finds all were addressed. One motion was withdrawn by Plaintiff and another was denied after Plaintiff failed to object to the Magistrate Judge's recommendation of denial. In the Second Recommendation, a third motion was recommended for denial as moot in light of the recommended dismissal of the Plaintiff's remaining claims as moot.[5] Construing Plaintiff's argument concerning the lack of a hearing as a challenge to not only the dismissal of his claims for injunctive relief but also the denial of his third motion for preliminary injunction without a hearing, the Court finds Plaintiff has failed to show why a hearing was appropriate or required. *See Reynolds & Reynolds Co. v. Eaves*, 149 F.3d 1191, 1998 WL 339465, at *3 (10th Cir. 1998) (district court free to exercise discretion as to whether to hold evidentiary hearing prior to disposition of preliminary injunction motion); *see also Carbajal v. Warner*, 2014 WL 2110027, at *4 (10th Cir. 2014) (plaintiff failed to establish district court abused its discretion in denying a hearing on motion for preliminary injunction). Further, as for the dismissal of his injunctive relief claims, although the Court is not

---

[5] Although Plaintiff's claim for compensatory damages against Defendant Griffith remains, Plaintiff's motion for preliminary injunction is nonetheless also moot as to Defendant Griffith.

unsympathetic to Plaintiff's medical and financial plight, the case law is clear that such claims are moot.

## IV.  CONCLUSION

Plaintiff's claims for injunctive relief are moot and Plaintiff has not shown otherwise or that any hearing would assist in the determination of his Objection.  Accordingly, it is

ORDERED

1. That Plaintiff's "Motion Objecting to Magistrate Judge and Article III Judge's Decision Dismissing Civil Action" (ECF No. 234) is OVERRULED and DENIED; and

2. That the Court's Order of November 15, 2013 (ECF NO. 225) is MODIFIED as to Defendant Griffith in that the Magistrate Judge's Second Recommendation (ECF No. 222) is ACCEPTED and ADOPTED as to the dismissal of Plaintiff's request for injunctive relief against Defendant Griffith and such request is dismissed without prejudice for lack of subject matter jurisdiction.

DATED this 10th day of July, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge